﻿Citation Nr: 19172634
Decision Date: 09/18/19 Archive Date: 09/18/19

DOCKET NO. 17-21 975
DATE: September 18, 2019

ORDER

Entitlement to special monthly compensation (SMC) based on a need for regular aid and attendance of another person is granted.

FINDING OF FACT

The Veteran’s service-connected PTSD renders him so helpless as to require regular aid and attendance of another person.

CONCLUSION OF LAW

The criteria for SMC based on a need for regular aid and attendance of another person have been met. 38 U.S.C. § 1114(l) (2012); 38 C.F.R. §§ 3.350, 3.352 (2018).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran had active military service from March 1959 to March 1961, from May 1961 to May 1964, and from September 1964 to July 1968. This matter comes before the Board of Veterans’ Appeals (Board) on appeal from an April 2016 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO). In connection with this appeal, the Veteran and his spouse testified at an in-person hearing before the undersigned Veterans Law Judge in September 2019. 

The Veteran has contended that he is entitled to SMC based on the need for regular aid and attendance of another person. 

In March 2014, the Veteran was afforded a VA psychiatric examination. The examiner determined that he had total occupational and social impairment. His symptoms included an intermittent inability to perform activities of daily living, including maintenance of minimal personal hygiene.

In January 2016 and September 2017, the Veteran was afforded VA Aid and Attendance examinations. The evidence showed that the Veteran was unable to prepare his own meals and handle his own financial affairs. He required medication management and his service-connected PTSD impacted his ability travel beyond the premises of the home. 

Additionally, the Veteran and his wife stated that he could not be left unattended for any length of time due to the severity of his PTSD. Because of his mental condition and thoughts, the Veteran and his wife added that he was unable to bathe, cook, dress, or drive without assistance. The Board notes that lay evidence is competent to establish the presence of observable symptomatology. Layno v. Brown, 6 Vet. App. 465 (1994). 

Based on the foregoing the Board finds that the Veteran requires the regular aid and attendance of another person as a result of his service-connected PTSD. In this regard, the evidence of record demonstrates that the Veteran has required personal assistance from his wife in activities of daily living, to specifically include cooking, dressing, bathing, driving, and traveling outside of the home. Additionally, the Veteran’s wife manages the Veteran’s medication and finances. 

The Board acknowledges that the Veteran has additional nonservice-connected disabilities which may contribute to his need for aid and attendance. However, those nonservice-connected disabilities alone do not preclude the allowance of this claim, as the evidence of record clearly establishes that the impact of the Veteran’s service-connected PTSD is severe enough to require the aid and attendance of another person independent of the effects caused by the nonservice-connected disabilities. 

Accordingly, resolving reasonable doubt in favor of the Veteran, the Board finds that entitlement to SMC based on the need for the regular aid and attendance of another person is warranted. 38 U.S.C. § 5107(b) (2012); Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

 

 

Kristin Haddock

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board D. Ware, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.